## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KONSTANTINA TATSIS,
            Appellant,

      v.

DEPARTMENT OF HOUSING AND
   URBAN DEVELOPMENT,
            Agency.

DOCKET NUMBER
CB-7121-16-0003-V-1

DATE: August 9, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Rushab Sanghvi, Esquire, Washington, D.C., for the appellant.

Lawrence E. McDermott, Esquire, and Patricia McGarvey Knebels, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1      Pursuant to the Board's instructions in this arbitration review matter, the administrative judge issued a September 25, 2017 recommended decision finding that the appellant did not prove her affirmative defense of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discrimination and that the agency proved its charge of unacceptable performance. *Tatsis v. Department of Housing & Urban Development*, MSPB Docket No. CB-7121-16-0003-H-1, Referral Proceeding File, Tab 104, Recommended Decision (RD). For the reasons set forth below, we FORWARD the case to the Northeastern Regional Office for further adjudication in accordance with this Order and *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2 The agency removed the appellant, effective October 1, 2014, for failure to demonstrate acceptable performance in a critical element of her position during a 90-day performance improvement plan (PIP) period. *Tatsis v. Department of Housing & Urban Development*, MSPB Docket No. CB-7121-16-0003-V-1, Request for Review (RFR) File, Tab 6 at 491-99, Tab 7 at 75-81. The appellant filed a grievance challenging her removal, and thereafter her union invoked arbitration. RFR File, Tab 6 at 24. Following a hearing, the arbitrator denied the grievance, finding that the agency met its burden of proof in a performance-based action under 5 U.S.C. chapter 43, that the appellant failed to establish that the agency violated the applicable collective bargaining agreement, and that the appellant failed to establish that she had requested a reasonable accommodation. RFR File, Tab 6 at 22-33. The appellant filed a request for review of the arbitration decision, in which she challenged, among other things, the arbitrator's failure to consider a reasonable accommodation request she alleges was ignored by the agency, the arbitrator's rulings regarding the admissibility of certain evidence, and the arbitrator's finding that the agency afforded her a reasonable opportunity to improve her performance. *Id.* at 4-18. The agency opposed the appellant's request for review. RFR File, Tab 10.

¶3 In a June 16, 2016 Order, the Board held that the arbitrator erred in analyzing the appellant's affirmative defense of discrimination because:

(1) he discounted the appellant's testimony that she requested a reasonable accommodation during a January 2013 telephone conversation because it was not corroborated by documentary evidence; (2) he failed to set forth a legal standard or analytical framework for adjudicating the discrimination claim; (3) he failed to consider whether the appellant was raising not only a claim of disability discrimination on the basis of the agency's failure to accommodate her disability but also a claim of disparate treatment on the basis of sex under the Pregnancy Discrimination Act (PDA); and (4) he failed to make findings regarding the appellant's claim that she had made a second request for accommodation in September 2014. *Tatsis v. Department of Housing & Urban Development*, MSPB Docket No. CB-7121-16-0003-V-1, Order, ¶¶ 11-16 (June 16, 2016). The Board also concluded that the arbitrator erred in ruling that three emails between the appellant's supervisor and an employee relations specialist were protected by the Freedom of Information Act's deliberative process privilege and excluding the emails from evidence. *Id.*, ¶¶ 21-24. Finally, the Board determined that the appellant's other arguments did not provide a basis to reverse the arbitrator's findings, but the Board also concluded that it could not sustain the arbitrator's finding that the agency proved the charge of unacceptable performance until the evidentiary and discrimination analysis errors were addressed. *Id.*, ¶¶ 28-29.

¶4      The Board vacated the arbitration decision, reversed the arbitrator's evidentiary ruling excluding the three emails, and forwarded the matter to the Northeastern Regional Office for further adjudication of the appellant's discrimination claim and the merits of the charge of unacceptable performance. *Id.*, ¶¶ 1, 16, 24, 30-31. The Board directed the administrative judge to notify the appellant of the elements and burdens of proof to establish her discrimination claim, clarify whether the appellant was raising a claim of discrimination on the basis of sex or disability, or both, and allow the parties to further develop the record on the discrimination claim. *Id.*, ¶¶ 17-18. The Board also ordered the administrative judge to make credibility determinations regarding the appellant's

testimony about the alleged January 2013 reasonable accommodation request, analyze the effect of the PDA on the case, and make findings regarding the appellant's allegation that she made a second accommodation request in September 2014. *Id.*, ¶¶ 18-20. Next, the Board directed the administrative judge to admit the three emails at issue into evidence and allow the parties to further develop the record regarding the emails. *Id.*, ¶ 24. The Board further opined that the administrative judge could adopt the arbitrator's findings regarding the merits of the charge of unacceptable performance if he found that the appellant failed to prove her affirmative defense of discrimination and the findings were supported by the record, as supplemented by the three emails. *Id.*, ¶ 30.

¶5    Following a supplemental hearing, the administrative judge issued a recommended decision finding that the appellant had failed to establish her affirmative defense of discrimination and adopting the arbitrator's findings sustaining the agency's removal for unacceptable performance. RD. The administrative judge found that the appellant elected not to raise a claim of sex discrimination on the basis of the PDA or any other theory. RD at 9. As to the appellant's claim of disability discrimination, the administrative judge found that the appellant was an individual with a disability. RD at 10-12. However, based on his credibility assessment of the testimony of the appellant and other witnesses, he deemed it implausible that the appellant had asked her supervisor for an accommodation for her disability in January 2013, and, even if, as she testified, she had spoken with her supervisor, her statements were insufficient to place her supervisor on notice that she was requesting an accommodation. RD at 12-15. In addition, the administrative judge determined that there was some confusion as to whether the appellant and her union representative asserted in their September 2014 responses to the proposed removal that the appellant's supervisor had failed to engage in the interactive

process[2] upon receiving the appellant's alleged request for accommodation in January 2013 or whether their responses requested that the reasonable accommodation process begin anew. RD at 15-19. Nevertheless, the administrative judge concluded that the deciding official reasonably requested medical documentation to support the appellant's assertions, but that none was provided, and thus it seemed that the appellant had failed to continue to engage in the interactive process. RD at 17-19. According to the administrative judge, even if the agency had failed to engage in the interactive process, it did not result in the failure to provide a reasonable accommodation, as the record did not reflect that the appellant's requests for accommodation were reasonable. RD at 19-20. In sum, the administrative judge found that the appellant did not prove her affirmative defense of disability discrimination and recommended rejecting the affirmative defense. RD at 19-20.

¶6          Regarding the merits of the removal action, the administrative judge stated that, to sustain a performance-based removal, the agency must show by substantial evidence that: (1) the Office of Personnel Management approved its performance appraisal system; (2) the appellant's performance standards and critical elements of her position were communicated to her; (3) the appellant's performance standards were valid under the statute; (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. RD at 5 (citing *Towne v. Department of the Air Force*,

---

[2] The interactive process is the activity that happens between an employee and the agency after the employee requests reasonable accommodation and is the process for determining the nature of the accommodation. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 21 (2014); 29 C.F.R. part 1630 app. ("The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the individual with a disability.").

120 M.S.P.R. 239, ¶ 6 (2013), and *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010)).  The administrative judge did not find persuasive the appellant's allegation that she did not have a reasonable opportunity to demonstrate acceptable performance during the performance improvement period.  RD at 20-21.  The administrative judge found that the appellant's testimony on this issue was contradicted by the record and credible witness testimony, and the three newly admitted emails did not show that her proposed removal was predetermined.  RD at 21-25.  Accordingly, the administrative judge found that the appellant had a reasonable opportunity to demonstrate improved performance and recommended affirming the arbitrator's decision. RD at 25.

¶7     The administrative judge's recommended decision informed the parties that the recommended decision would be forwarded back to the Board and that the parties could file exceptions to the recommended decision within 20 days of the date of the recommended decision.  RD at 26.  Neither party filed exceptions to the recommended decision.

**ANALYSIS**

With the exception of his recommendation that we affirm the arbitrator's decision, we adopt the administrative judge's findings in the recommended decision.

¶8     Absent exceptions to the administrative judge's recommended decision, and based on our review of the decision, with the exception of his ultimate recommendation that we affirm the arbitrator's decision—which we cannot presently adopt for reasons stated below—we adopt the administrative judge's findings therein.  *Cf. Special Counsel v. Goewert*, 64 M.S.P.R. 320, 321-22 (1994) (adopting an administrative law judge's recommended decision in an Office of Special Counsel disciplinary action case when no exceptions were filed).    As to the appellant's affirmative defense of discrimination, the administrative judge properly found that the appellant did not elect to raise a

claim of sex discrimination. RD at 9. In finding that the appellant did not prove by preponderant evidence her claim of disability discrimination, the administrative judge analyzed the appellant's alleged requests for accommodation in January 2013 and September 2014, made detailed credibility findings, and considered the record evidence as a whole. RD at 9-20; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 12-17 (2014) (determining that the agency did not fail to provide a reasonable accommodation because the appellant neither requested accommodation nor adequately provided information concerning his ability to return to his position with an accommodation); *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

¶9　　　The administrative judge also properly analyzed the record evidence and determined that the agency proved by substantial evidence that the agency provided the appellant with a reasonable opportunity to demonstrate acceptable performance and ultimately concluded that the agency proved its charge of unacceptable performance. RD at 20-25; *see Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 206-09 (1997) (concluding that the agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance when it provided the appellant with a detailed performance improvement plan and abundant written feedback during the plan, and her supervisor made herself available to provide assistance, but the appellant did not request assistance). Accordingly, we discern no reason to disturb the administrative judge's findings and, pending the outcome of the additional proceedings discussed below, adopt them as findings of the Board. *See Clay*, 123 M.S.P.R. 245, ¶ 6.

<u>This matter must be forwarded to the administrative judge to afford the parties an opportunity to submit evidence and argument regarding whether the appellant performed unacceptably prior to her placement on a PIP.</u>

¶10        Although the appellant has identified no basis for us to disturb the administrative judge's findings in the recommended decision, we nonetheless must forward this appeal to the administrative judge for another reason. During the pendency of this case before the Board following the recommended decision, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements required to sustain a performance-based removal set forth in the recommended decision, the agency also must justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we forward the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 16-17. In adjudicating the forwarded appeal, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17. The administrative judge shall then issue a new recommended decision consistent with *Santos*. *Id.* If the agency makes the additional showing required under *Santos*, the administrative judge may incorporate his prior findings on other elements of the agency's case in the new recommended decision. *Id.* Regardless of whether the agency meets its burden, if the argument or evidence developed in the new proceeding regarding the appellant's pre-PIP performance affects the administrative judge's findings on the other issues, he should address

such argument or evidence in the new recommended decision. *Cf. Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶11    For the reasons discussed above, we forward this case to the Northeastern Regional Office for further adjudication in accordance with this Order. After the administrative judge issues the recommended decision, the case will be forwarded back to the Board. The parties may file exceptions to the administrative judge's recommended decision with the Clerk of the Board within 20 days of the date of the recommended decision. The parties may respond to any submission by the other party within 15 days of the date of such submission. The Board will subsequently issue a final decision on the merits of the appellant's request for review.

FOR THE BOARD:    /s/ for

    Jennifer Everling
    Acting Clerk of the Board

Washington, D.C.